UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


ALOYSIUS J. JACOBI AND                                                            PLAINTIFFS
SHARON F. JACOBI

V.                                                        CIVIL ACTION NO. 1:06cv937-LTS-RHW

NATIONWIDE MUTUAL INSURANCE COMPANY,                              DEFENDANTS
NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY, NATIONWIDE
PROPERTY & CASUALTY INSURANCE
COMPANY, AND JOHN DOES 1-10


**ORDER**

This cause is before the Court on Plaintiffs' [39] Motion to File Second Amended Complaint, and Defendant Nationwide's Motion to Strike Portions of the Second Amended Complaint or, In the Alternative, to Grant a Continuance (docketed at [48] and [49]). These requests cannot be considered and decided in a vacuum, and an understanding of context is absolutely required. For convenience's sake, the body of this order will refer to the Nationwide Defendants as Defendant Nationwide.

What began as best laid plans have gone awry. The United States Magistrate Judge held a status conference on August 11, 2006, in three Hurricane Katrina cases: *McFarland v. State Farm Fire & Casualty Co.*, Civil Action No. 1:06cv466; *Vaz v. Allstate Property & Casualty Insurance Co.*, Civil Action No. 1:06cv481; and *Bradley v. Nationwide Mutual Insurance Co., et al.*, Civil Action No. 1:06cv528. The Magistrate had previously entered show cause orders in these actions because of his concern that the prospect of hundreds of individually joined plaintiffs in each of these cases (all of whom are represented by the same counsel team) might require severance.

While there appears to be no written record of what took place at the August 11 status conference, it is the Court's understanding that the outcome was the selection of six particular cases brought by individual Plaintiffs (whose dwellings were reduced to a slab by the storm) to go forward for advanced trials; Plaintiffs' counsel chose one against each of the three insurance company defendants, and each Defendant picked one, thus arriving at the six.

The Magistrate soon determined that severance was appropriate in each of the above-cited civil actions and that the Plaintiffs should be required to file separate complaints corresponding to individual parcels of damaged property. The Order of Severance with respect to Defendant Nationwide sheds some light on the process followed at the status conference:

> By agreement of the parties, the claims of Randall and Rachel Barrett and the claims of Aloysius and Sharon Jacobi shall be severed immediately as these two causes of action have been set for trial on an expedited basis. These Plaintiffs shall file an amended complaint and pay filing fees as soon as their cases have been severed.

Plaintiffs filed objections to the Magistrate's severance order, which this Court denied, thereby affirming the Magistrate.

Consistent with the Magistrate's directions, Plaintiffs filed a [30] First Amended Complaint which happened to add a separate count charging a company-wide (even industry-wide) scheme of fraudulent and deceptive claims adjustment practices. Defendant Nationwide filed an [38] Answer to the First Amended Complaint.

Defendant Nationwide aims its motion to strike at the proposed second amended complaint (which it describes as "sprawling" and indicative of a "common pattern"), when it probably should have objected to the first. Defendant's primary overall objection is that it believed that the agreement for an expedited trial was limited to the common issues of "wind versus water" and other basic breach of contract claims, including bad faith denial of Plaintiffs' specific losses. Defendant Nationwide also points to expanded discovery material propounded by Plaintiffs.

This Court has no intention to limit Plaintiffs' claims or remedies, so long as they are asserted in a procedurally correct manner (*see*, *e. g.*, Fed. R. Civ. P. 9(b)) and can be supported by admissible evidence. At the same time, the Court has no interest in watching or umpiring a pleadings game that is played for a particular moment's tactical purpose without regard to the overall goal of a just, speedy, and inexpensive determination of every action. *See* Fed. R. Civ. P. 1 and 16.

The Court is unsure what occurred at the status conference–it is recommended that future agreements be reduced to writing–and at least in this case Plaintiffs seek leave in advance to file the Second Amended Complaint under Rule 15. However, the request is made after the deadline established in the [29] scheduling order. To be consistent with the State Farm and Allstate litigation, the Court has no alternative but to deny the motion to amend a second time, leaving the First Amended Complaint and Defendant Nationwide's Answer in place. This does not foreclose Plaintiffs from requesting a second amendment, depending on how they wish to proceed under the Court's ruling.

All counsel are now aware that the Court is open to the prospect of consolidation under Fed. R. Civ. P. 42. This notion, coupled with the uncertainty of the matters to be tried, also leads to the conclusion that a continuance of the trial is appropriate. The Court repeats its expectation and anticipation of real cooperation from all counsel to determine the identity of common questions of law or fact which may exist in separate cases beyond the limited scope of what was attempted here.

Accordingly, **IT IS ORDERED**:

Plaintiffs' [39] Motion to File Second Amended Complaint is hereby **DENIED** without prejudice to an appropriate request, if any, to file same or any other pleading;

Defendants' [48] Motion to Strike the Second Amended Complaint is **DENIED AS MOOT**;

Defendants' Motion to Continue Trial Date (docketed at [49]) is **GRANTED**;

This cause of action is referred to the United States Magistrate Judge for further proceedings consistent with this order.

**SO ORDERED** this the 31st day of October, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge